a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN LEWIS #31106-034,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00421<br>SEC P |
| VERSUS | JUDGE DRELL |
| MS EARLY ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 5) filed by pro se Petitioner Kevin Lewis ("Lewis"). Although Lewis is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), he asserts a violation of his constitutional rights at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock").

Because Lewis's claims are barred by sovereign immunity and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), the Complaint should be DENIED and DISMISSED.

I. Background

Lewis alleges that he was transported to Rapides Regional Medical Center by two unknown correctional officers to undergo a colonoscopy. ECF No. 1 at 2. The officers remained present during the procedure, "within close proximity to [Lewis's] exposed, naked, unconscious body." *Id.*

On the way back to FCI-Pollock, one of the officers made a joke about the procedure, and the two officers laughed. *Id.* Lewis alleges that the officers caused him to feel "degraded, humiliated, and violated." *Id.*

When Lewis arrived back at FCI-Pollock, he informed Medical Director Early of the incident. Early told Lewis that prison policy required officers to be present during colonoscopies. *Id.* at 3.

Lewis continued to suffer mental and emotional anguish from the incident. He felt like people were staring at him and talking about him. He began to have trouble sleeping at night, eating more, and staying in his room. *Id.* Lewis asserts that he requested mental health care on several occasions, but he received no response. *Id.*

Lewis alleges that his administrative grievances were all rejected on procedural grounds. *Id.* at 3. He filed a federal tort claim, but he received no response. *Id.*

Lewis was later transferred to FCI-Oxford where he received psychological services.

## II.   Law and Analysis

### A.   Lewis's Complaint is subject to preliminary screening.

Because Lewis is suing officers or employees of a governmental entity, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A. Section 1915A provides for the sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief

may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Lewis's claim is barred by 42 U.S.C. § 1997e(e).

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

Section 2246 defines "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

Lewis does not allege that he suffered a physical injury because of the Defendants' actions. Nor does he allege the commission of a "sexual act" as defined in § 2246(2). Therefore, he is unable to recover damages from the Defendants for the alleged emotional injuries.

      C.      <u>The Court lacks jurisdiction over Lewis's claim against the United States.</u>

The United States has sovereign immunity from suit except when it waives this immunity by consent. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") provides consent to sue the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b)(1).

However, the United States has not waived sovereign immunity for claims alleging constitutional violations. *See Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981). Nor has the United States waived immunity for claims without a showing of a physical injury or the commission of a "sexual act" as defined in § 2246(2).

As noted above, Lewis does not allege a physical injury or the commission of a "sexual act" as defined by § 2246(2). Therefore, his FTCA claim is barred by sovereign immunity.

### III.   <u>Conclusion</u>

Because the Court lacks jurisdiction over Lewis's FTCA claim, and his other claims are barred by § 1997e(e), IT IS RECOMMENDED that the Complaint be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as to the FTCA claim, and otherwise DISMISSED WITH PREJUDICE under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 25, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE